JUL 03 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

SHEILA R. GUIDROZ                          CIVIL ACTION NO. 13-0463

VERSUS                                     JUDGE DOHERTY

COMMISSIONER OF SOCIAL SECURITY            MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Before the Court is the Report and Recommendation of the magistrate judge [Doc. 14], wherein the magistrate judge recommends the Commissioner's decision in this social security matter, denying benefits, be affirmed and the case dismissed. Claimant Sheila R. Guidroz filed an objection to the magistrate judge's Report, wherein Ms. Guidroz argues the decision of the ALJ is not supported by the evidence in the record. While this Court rejects most of the "objections" of the claimant, concluding her objections are merely the same generalized arguments presented to the magistrate judge in her original briefing, there is one particular argument presented by the claimant that bears scrutiny, and for this reason, the matter is REMANDED to the magistrate judge for further consideration and clarification, as set forth herein.

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Therefore, this Court makes a *de novo* review of the

portions of the magistrate judge's report to which the claimant objects.  *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

To summarize, the ALJ found the claimant has the severe impairments of degenerative disc disease and COPD, but acknowledged the claimant has also been treated for anxiety and back pain and takes medication for these complaints.  Although the claimant testified at her administrative hearing that her medications make her drowsy, the ALJ appears not to have included an assessment of the side effects of the claimant's medications on her ability to work, nor did the magistrate judge discuss the foregoing in his Report, despite an argument by the claimant in her briefing that her medications make her so drowsy she cannot maintain employment.

It is well-settled in the Fifth Circuit that in order to be capable of engaging in substantial gainful activity, a person must have a realistic chance of both obtaining as well as holding a job in a *realistic* work setting:

> In [*Wingo v. Bowen*, 852 F.2d 827 (5th Cir.1988)], this Court held that a determination that a person is capable of engaging in substantial gainful activity depends on a finding not only that the individual has some chance of being hired, but also, that, taking account of the individual's exertional and non-exertional limitations, the individual has a reasonable chance, "once hired, of keeping the job." *Id.* at 831. We noted that "[a] claimant capable of performing sedentary or light work under the guidelines must have the ability to perform the required physical acts day in and day out in the sometimes competitive and stressful conditions in which all people work in the real world." *Id.* (citing *Allred v. Heckler*, 729 F.2d 529, 533 (8th Cir.1984)).

*Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002).

According to the magistrate judge, the claimant did not claim anxiety as a disabling condition in her application for benefits, however, she does claim the side effects of the combination of all the medications she takes for all of her impairments – including anxiety and back pain – adversely impact her ability to sustain employment.  Social Security Ruling 96–7p and regulations at 20 CFR

404.1529(c) and 416.929(c) specifically state that in assessing a claimant's credibility, the ALJ must consider "the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" and "treatment, other than medication, the individual receives or has received for relief of pain or other symptoms." *See, e.g., Thompson v. Asture*, 2011 WL 1211559 (W.D.La. Mar. 9, 2011) (M.J. Hanna).  In the instant case, the ALJ assessed the claimant's credibility, but discounted same, specifically noting her complaints of back pain and anxiety are alleviated with medication, yet failed to include an assessment of the side effects of those medications on the claimant's ability to work, as apparently required by the regulations.

Considering the foregoing, it is unclear to this Court whether, under the circumstances presented herein, the ALJ's failure to consider the issue of the side effects of the claimant's medication was improper.  Perhaps the record is void of complaints concerning the side effects of the claimant's medications.  However, as the issue was argued to the magistrate judge but not addressed in the magistrate judge's Report, and is argued again in the Objections to this Court, the Court concludes remand to the magistrate judge is appropriate so that the matter can be addressed prior to a final judgment being entered.

Considering the foregoing, this matter is REMANDED to the magistrate judge for consideration of the foregoing issue and clarification as necessary.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _3_ day of July, 2014.

COPY SENT:

DATE: _7/3/2014_
BY: _EFA_
TO: _PJH_

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3