UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHEILA R. GUIDROZ                           CIVIL ACTION NO. 6:13-cv-00463

VERSUS                                      JUDGE DOHERTY

COMMISSIONER OF SOCIAL                      MAGISTRATE JUDGE HANNA
SECURITY

## SUPPLEMENTAL  REPORT  AND  RECOMMENDATION

Before this Court is an appeal of the Commissioner's finding of non-disability. The undersigned previously recommended that the Commissioner's decision be AFFIRMED and that this matter be DISMISSED WITH PREJUDICE.  (Rec. Doc. 14).  The claimant objected to the undersigned's report and recommendation (Rec. Doc. 15), and the district court remanded this matter to the undersigned for consideration of whether the ALJ's failure to consider the issue of the side effects of the claimant's medication was improper (Rec. Doc. 16 at 3).

In her brief and again in her objections, Ms. Guidroz stated that she "takes medications which produce side effects, including but not limited to drowsiness which causes her to have to take naps throughout the day, poor concentration, poor focus, poor memory[,] and an inability to stay on task." (Rec. Doc. 12 at 3-4; Rec. Doc. 15 at 4).  She testified at the hearing that her medication makes her drowsy.

(Rec. Doc. 7-1 at 43).  However, she did not identify a specific medication that makes her drowsy, and a review of her medical records, although admittedly difficult to read, did not reveal that she ever raised this issue with her physicians.  Similarly, her medical records do not reveal that any of her medications were ever stopped or adjusted in order to minimize their side effects.  Her medical records contain numerous complaints of fatigue, but those complaints are not attributed to or correlated with her medications.

Although the ALJ did not expressly mention the side effects of Ms. Guidroz's medications in his ruling, he did consider her complaints concerning concentration, focus, and memory when he evaluated her mental impairment of anxiety with regard to concentration, persistence, and pace.  He noted that although she complains of difficulty concentrating, she reported that she spends time reading, which inherently requires an ability to concentrate, and he noted her own report that she follows instructions well.  He also noted that the consultative examiner Dr. Haase found that her memory was intact and that she is able to follow simple directions.  Based on this, the ALJ found that Ms. Guidroz has only mild limitation in this area of functioning. (Rec. Doc. 7-1 at 17).  In more generally evaluating Ms. Guidroz's residual functional capacity, the ALJ also noted that the consultative examiner Dr. Lonowski found that Ms. Guidroz could pay attention and concentrate without difficulty.  (Rec. Doc. 7-1

at 20).  The ALJ also explained that the inconsistencies between Ms. Guidroz's hearing testimony and her function report raised an issue of credibility (Rec. Doc. 7-1 at 21), which the ALJ is authorized to resolve.  The ALJ was also careful to note that he considered the entire record in evaluating Ms. Guidroz's residual functional capacity.  (Rec. Doc. 7-1 at 18).  Accordingly, the undersigned finds that the ALJ did not err in failing to expressly address Ms. Guidroz's claim concerning the side effects of her medication.

In her brief, Ms. Guidroz argued that "because of her condition and treatment, she is unable to engage in substantial gainful activity on a day to day basis, thus making it highly unlikely that she can hold down a job for very long."  (Rec. Doc. 12 at 7).  To the extent that Ms. Guidroz may be arguing that the ALJ erred in failing to make a separate finding that she has the ability to maintain employment on a sustained basis, her argument lacks merit.  An ability to perform work on a regular and continuing basis is inherent in the definition of residual functional capacity.[1]  The Fifth Circuit has therefore instructed that a separate consideration for maintaining employment is necessary only when "by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms."[2]  Consequently, an

[1]     *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003).

[2]     *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003).

affirmative finding that the claimant can maintain employment is required only when an individual's ailment "waxes and wanes in its manifestation of disabling symptoms."[3]  Absent a showing that the claimant's symptoms wax and wane, the ALJ's assessment of a claimant's residual functional capacity subsumes the determination that the claimant can maintain employment.[4]  Here, the record does not contain substantial evidence that Ms. Guidroz's impairments or her ability to perform work tasks wax and wane.  Therefore, the ALJ was not required to make a separate finding as to the sustainability of employment, and he did not err because he failed to do so.

Having considered the topics remanded by the district judge, the undersigned again RECOMMENDS that decision of the Commissioner be **AFFIRMED** and this matter be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

---

[3]      *Frank v. Barnhart*, 326 F.3d at 619.

[4]      *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).

receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lafayette, Louisiana, this 8th day of July 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE